# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VIRGIL SMITH,

                      Plaintiff,

v.

B. FRAME,

                      Defendant.

Case No. 17-CV-1745-JPS

**ORDER**

        On January 19, 2018, the Court screened Plaintiff's eighty-eight page Complaint, which appeared to allege a violation of the First Amendment. (Docket #12 at 3). The Court determined that the Complaint violated Federal Rule of Civil Procedure 8(a)(2), which states that pleadings should provide a "short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* at 3-4. It ordered Plaintiff to file an amended complaint which complied with that Rule on or before February 9, 2018. *Id.* at 4. Plaintiff filed his Amended Complaint on February 6, 2018. (Docket #13). It must now be screened. 28 U.S.C. § 1915A(a). All of the standards announced in the initial screening order (Docket #12 at 1-3) apply here.

        Plaintiff's Amended Complaint still runs afoul of Rule 8(a)(2). Though it is now twenty-six pages, with sixty-seven pages of exhibits, the Amended Complaint is mostly comprised of legal argument, just as with the original Complaint. (Docket #13 at 3-22). The Court has already instructed Plaintiff that this material is inappropriate for a complaint. (Docket #12 at 4). Complaints need only contain factual material which, taken as true, states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is a sprinkling of factual allegations throughout the

Amended Complaint, but those facts are difficult to separate from the other extraneous material. In other words, while Plaintiff's Amended Complaint is certainly shorter than his original Complaint, it is still neither "short" nor "plain" as contemplated by Rule 8(a)(2).

Plaintiff will be afforded one final opportunity to provide a proper pleading. If he chooses to offer a second amended complaint, Plaintiff must do so no later than **February 27, 2018**. This District's Local Rules require *pro se* prisoner litigants to use the standard Section 1983 complaint form when filing civil rights actions. Civ. L. R. 9(b). The Court rarely enforces this Rule, but given Plaintiff's pleading difficulties, it will do so now. His second amended complaint must be filed using the standard form. The Court previously provided a copy of the form to him, but will also send an additional copy with this Order. As it did in the initial screening order, the Court again notes that Plaintiff appears to present a straightforward claim against a single defendant with a limited factual basis. The form should provide adequate space to state such a claim. If Plaintiff fails to file a second amended complaint by the above-stated deadline, or files one which does not comply with the Court's instructions herein, this action will be dismissed without prejudice.

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former

pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that on or before **February 27, 2018**, Plaintiff shall file a second amended complaint curing the defects in the first amended complaint as described herein, or this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge