# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VIRGIL M. SMITH, <br><br> Plaintiff, <br> v. <br><br> B. FRAME, <br><br> Defendant. | Case No. 17-CV-1745-JPS <br><br> **ORDER** |

On February 28, 2018, Plaintiff submitted his Second Amended Complaint. (Docket #19). As with his other complaints, it must now be screened. 28 U.S.C. § 1915A(a). All of the standards announced in the initial screening order (Docket #12 at 1-3) apply here. The relevant events occurred in May 2017 while Plaintiff was incarcerated at Waupun Correctional Institution ("Waupun"). (Docket #19 at 2). Plaintiff alleges that Defendant, a social worker at Waupun, denied his request for an "emergency" telephone call to Lashawnda Davis, his aunt. (Docket #19 at 2-3; Docket #19-1 at 1-2). Defendant denied his request because emergency calls are only permissible for deaths in an inmate's immediate family. (Docket #19 at 3; Docket #19-1 at 12). Plaintiff maintains that this violated his First Amendment right to free speech. (Docket #19 at 3).

Plaintiff states a First Amendment claim, but not for freedom of speech. The more appropriate provision is the right to freedom of association, specifically with family members. *Harris v. Donahue*, 175 F. App'x 746, 747-48 (7th Cir. 2006). Prisoners maintain such a right, though prison officials may curtail it, even severely, if such restrictions are founded on legitimate penological needs. *Id.* Whether the denial of one emergency phone call properly implicates this right, *Easterling v. Thurmer*, 880 F.3d 319,

323 (7th Cir. 2018) ("prison officials may violate the Constitution by *permanently or arbitrarily* denying an inmate visits with family members") (emphasis added), and whether Defendant had a valid reason to deny Plaintiff his phone call, *Harris*, 175 F. App'x at 748, are matters of proof which must be addressed on summary judgment or at trial.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Defendant's denial of an emergency phone call to Plaintiff's aunt Lashawnda Davis, in violation of Plaintiff's First Amendment right to freedom of association.

Accordingly,

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's Second Amended Complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the Second Amended Complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to

323 (7th Cir. 2018) ("prison officials may violate the Constitution by *permanently or arbitrarily* denying an inmate visits with family members") (emphasis added), and whether Defendant had a valid reason to deny Plaintiff his phone call, *Harris*, 175 F. App'x at 748, are matters of proof which must be addressed on summary judgment or at trial.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Defendant's denial of an emergency phone call to Plaintiff's aunt Lashawnda Davis, in violation of Plaintiff's First Amendment right to freedom of association.

Accordingly,

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's Second Amended Complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the Second Amended Complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to

another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge