# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VIRGIL M. SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>BAILEY FRAME,<br><br>            Defendant. | Case No. 17-CV-1745-JPS<br><br>**ORDER** |

The Court addresses two issues pending in this matter. First is Plaintiff's March 14, 2018 motion seeking "adequate" law library access. (Docket #26). Plaintiff claims that his institution is not providing him with sufficient law library time for him to effectively litigate this matter. He asks that the Court enjoin the warden of the prison to give him additional time. Requests for injunctive relief must deal with the same subject matter as the claim(s) at issue in a case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, No. 4:11-CV-4058-SLD-JAG, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012) (citing *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2nd Cir. 1985)). Plaintiff was allowed to proceed on a First Amendment claim that he was denied one emergency phone call to a family member in May 2017. (Docket #21). Law library access has nothing to do with the claim. Plaintiff's motion must be denied.

The second issue is Plaintiff's submission of a proposed Third Amended Complaint on April 5, 2018. (Docket #29). The Court must screen this complaint as it has done with each of Plaintiff's prior pleadings. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff's proposed amended complaint is not accompanied by an explanation of the change(s) he has made to his pleading. Upon its own review, the Court cannot find a meaningful difference between this document and his Second Amended Complaint, as least with respect to the Court's duty to identify his cognizable claims. As the Court explained in its March 5, 2018 screening order, Plaintiff may proceed only on a claim pursuant to his First Amendment freedom of association, but not a claim stemming from his freedom of speech. (Docket #21 at 1–2). Plaintiff will continue to proceed on the single claim identified in that screening order. *Id.* at 2.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for adequate law library access (Docket #26) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint be and the same is hereby **ACCEPTED** for filing, and Plaintiff will continue to proceed on the single claim identified in the Court's March 5, 2018 screening order (Docket #21 at 2).

Dated at Milwaukee, Wisconsin, this 17th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge