# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VIRGIL M. SMITH,

        Plaintiff,

v.

BAILEY FRAME,

        Defendant.

Case No. 17-CV-1745-JPS

**ORDER**

On April 17, 2018, the Court addressed two issues. First, it denied Plaintiff's motion for an injunction seeking additional law library access because the relief sought had nothing to do with Plaintiff's claim in this case. (Docket #31 at 1). Second, the Court screened Plaintiff's Third Amended Complaint and determined that he could proceed on a claim for violation of his First Amendment right to freedom of association. *Id.* at 2. On April 23, 2018, Plaintiff filed a motion for reconsideration of those rulings. (Docket #33). For the reasons explained below, it must be denied.

Though Plaintiff did not cite it, only one rule of procedure could apply here. *See Obreicht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir 2008). Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is

granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).[1]

Plaintiff's bases for reconsideration are meritless and certainly fail to meet the "exceptional circumstances" standard. First, Plaintiff claims that the Court "recharacterized" his law library motion as one seeking injunctive relief, and under *Castro v. United States*, 540 U.S. 375 (2003), the Court should have given him notice and an opportunity to withdraw his motion when doing so. (Docket #33 at 3). Ignoring the fact that Plaintiff sought the very definition of injunctive relief—commanding an opposing party to do something against their will—he misunderstands *Castro*. *Castro* addresses the specific matter of courts recharacterizing certain post-conviction motions as seeking habeas relief. *Castro*, 540 U.S. at 381–82. The power to recharacterize in this way is limited because of the consequences attendant to successive habeas filings. *Id. Castro* says nothing about motions for injunctive relief in Section 1983 proceedings.

Next, Plaintiff suggests that the Court should have applied the *Turner* test to balance the burden of his desired accommodation against the prison's penological interests. (Docket #33 at 3–5); *Turner v. Safley*, 482 U.S. 78 (1987). The Court did not reach that question because Plaintiff's desired injunctive relief was not tied to the claim he presented. (Docket #31 at 1). Finally, Plaintiff says that the Court erred in dismissing his freedom of speech claim. (Docket #33 at 5–7). As the Court has now explained more than once, the proper vehicle for the First Amendment claim presented by

---

[1] Plaintiff cites FRCP 59(e) as a basis for his motion, but that Rule applies only to judgments, not the Court's non-final orders. Fed. R. Civ. P. 59(e) ("A motion to alter or amend *a judgment* must be filed no later than 28 days after the *entry of the judgment*.") (emphasis added).

Plaintiff's factual allegations is one for violation of his freedom of association. (Docket #21 at 1–2; Docket #31 at 2). The two claims are not simply alternatives; Plaintiff's allegations do not state a claim for a violation of his freedom of speech.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #33) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge