# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VIRGIL M. SMITH,

                Plaintiff,

v.

BAILEY FRAME,

                Defendant.

Case No. 17-CV-1745-JPS

**ORDER**

      Plaintiff proceeds against Defendant on a First Amendment claim of interference with his right of familial association. (Docket #21 at 1–2; Docket #31). Specifically, Plaintiff alleges that Defendant denied a request for an emergency telephone call with his aunt. (Docket #21 at 1). On August 31, 2018, Defendant filed a motion for summary judgment. (Docket #45). Defendant argues that the undisputed facts demonstrate that she had legitimate reasons to disallow the call, which is all the First Amendment requires of her. *See* (Docket #46 at 5–11). Defendant further contends that she is entitled to qualified immunity. *Id.* at 12–15.

      Plaintiff's response to the motion makes no attempt to counter these contentions. (Docket #56). Instead, his only arguments are procedural; Plaintiff says Defendant's submissions violate various rules governing summary judgment motions. *Id.* at 1–11, 16–19. He also attempts to dispute a number of Defendant's statements of fact, but his disputes are either not material or not supported with relevant evidence. *Id.* at 11–16; (Docket #58). Moreover, without accompanying legal argument, Plaintiff would seem to compel the Court to cobble his position together from his rambling and convoluted submissions. This it cannot do. *Davis v. Jewish Vocational Serv.*,

407 F. App'x 946, 946 (7th Cir. 2011) ("We will construe a pro se litigant's brief liberally, but we cannot construct arguments where there are none.").

Plaintiff's submissions do nothing to counter Defendant's assertion that denial of Plaintiff's emergency phone call was reasonably related to legitimate penological interests, and therefore passed constitutional muster. *See Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). The relevant prison policy only permitted emergency phone calls when a close family member was critically ill or had passed away. The policy was meant to protect members of the public from unwanted telephone contact by prisoners, and to avoid taxing the prison's resources, as it bore the cost of such calls. Plaintiff's stated purposes for seeking to contact his aunt were a desire to confirm that she received some of his correspondence, and to have her contact attorneys and the media, presumably to help him challenge his criminal conviction. None of these interests fell within the policy or otherwise constituted an emergency. Further, he was free to contact his aunt (or attorneys and the media) by mail, or to have her set up a regular phone account so that he could place non-emergency calls to her. Defendant was well within her rights to deny the call, and certainly did not violate Plaintiff's right of familial association.

Plaintiff thus fails to avoid summary judgment on the merits. His procedural arguments do not save him. First, Plaintiff says that Defendant did not file a statement of proposed material facts in accordance with Civil Local Rule 56(b)(1)(C). (Docket #56 at 3–4). This is patently false. (Docket #47) (Defendant's proposed findings of fact, wherein she states short, numbered assertions of fact with citations to attached evidentiary materials). Second, Plaintiff suggests that Defendant's motion does not comply with Civil Local Rules 7 and 56, as well as Federal Rule of Civil

Procedure 56, though it is difficult to determine why he believes this. (Docket #56 at 4–5). In any event, the motion is compliant; Defendant's motion requests summary judgment, cites the appropriate procedural rules, and incorporates the required materials, including a brief, statements of fact, and evidence. *See* (Docket #45–#49).[1] Third, and relatedly, Plaintiff asserts that Defendant's summary judgment materials do not cite the specific rule under which they are made. (Docket #56 at 5–7). This too is false. (Docket #45 at 1) ("NOW COMES Defendant . . . and hereby moves the Court, pursuant to Fed. R. Civ. P. 56, for an order of summary judgment dismissing this lawsuit."). Finally, Plaintiff argues that Defendant's motion must be denied because it does not identify the particular claim upon which judgment is sought. (Docket #56 at 7–8). This is meaningless in a case involving one claim and one defendant, and in a motion which seeks dismissal of the entire action. (Docket #21 and #45).[2]

Plaintiff chose to put all of his eggs in the basket of perceived procedural infirmities, rather than arguments on the merits of his case. This was foolhardy. On the material and undisputed facts presented, and without argument to the contrary from Plaintiff, the Court finds that Defendant is entitled to summary judgment. The Court must, therefore, grant Defendant's motion and dismiss this action with prejudice. Plaintiff's motion for summary judgment, which is ironically rife with its own

---

[1] Plaintiff requests that the Court "enforce the 'No Briefing Rule' on defendant," (Docket #56 at 4), but the Court is at a loss as to what this means. Defendant *did* file a brief. (Docket #46).

[2] The final portion of Plaintiff's brief states that Defendant "should be afforded an opportunity to file a motion that complies with the 'rules.'" (Docket #56 at 16). Defendant's current motion does comply with the applicable procedural rules. She need not file another one.

procedural failings, must be denied as moot. (Docket #43). The same is true of Plaintiff's motion to review certain documents on the docket. (Docket #60).

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #45) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #43) and motion to review certain filed documents (Docket #60) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge